## 25239. HODGES v. THE STATE.

DECIDED JANUARY 10, 1936.

*A. L. Hatcher, Al Hatcher, Palmer W. Hicks,* for plaintiff in error.

*Lester F. Watson, solicitor,* contra.

GUERRY, J.  The sheriff and his deputies made a raid and search of a lunch-stand operated by the defendant, which was outside the city limits of Dublin, Georgia.  The premises upon which the lunch-stand was situated were separated from adjoining property by a wire fence.  Just over the fence, dividing defendant's lunch-stand from adjoining property, which was 17 steps from the back door of the lunch-stand, were found 17 pints of whisky buried in holes dug by a post-hole digger.  The fence gave indication that it had been climbed over frequently from defendant's premises.  The holes containing the whisky were not covered except by cardboard or trash; the whisky was easily accessible, and was near the fence and 150 yards from the nearest house on that side of the fence.  The property where this whisky was found was not under the control of the defendant.  One pint of whisky was found in a scrap-pile on the premises of the defendant.  Error is assigned, because the court refused a request to give in charge to the jury the provisions of the Code of 1933, § 38-109.  We do not think that there was direct evidence of defendant's guilt.  The fact that 17 pints of whisky were found on property adjoining that of the defendant, to which there appeared frequent travel from defendant's stand, is not direct evidence that the whisky was in defendant's possession; nor does the fact that a pint of whisky was found on his property in a "scrap-pile," an admitted public place, raise any presumption of law, that it was in his possession.  Even had there been direct evidence, certainly some circumstantial evidence was relied on; and upon request § 38-109 should have been given in charge to the jury.  The judge erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., concurs.*

MacINTYRE, J., concurs in the result.